United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARIEL REYES-MARTINEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-369 |
| | § | |
| MIGUEL VERGARA *et al.*[1] | § | |

**ORDER**

Before the Court are Petitioner's Emergency Motions to Enforce the Court's Order (Dkt. Nos. 10, 11, 12). Following its review of his motions and the applicable law, the Court **DENIES** Petitioner's Motions (Dkt. Nos. 10, 11, 12).

## I. BACKGROUND

Petitioner, a Cuban national, entered the United States on or about August 18, 2022 (Dkt. Nos. 1 at 2, 1-1 at 3). ICE detained him in October 2025, and he remains in their custody (Dkt. No. 1 at 2). He filed a petition for a writ of habeas corpus, seeking his immediate release or bond hearing (Dkt. No. 1 at 11). The Court ordered Respondents to give Petitioner a bond hearing and they complied (Dkt. Nos. 8 at 1; 13 at 1). However, an Immigration Judge ("IJ") denied Petitioner bond, finding he was a flight risk (Dkt. No. 13 at 1). Notwithstanding his bond hearing, Petitioner moves to enforce the Court's Order, reopen this matter, and for his immediate release (Dkt. Nos. 10, 11, and 12).

## II. LEGAL STANDARD

"All orders and judgments of courts must be complied with promptly. *Seven Arts Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

Petitioner filed multiple motions with contradicting information. On one hand, Petitioner concedes that he *did* receive a bond hearing but that it "did not provide meaningful individualized review" (Dkt. No. 10 at 1). On the other hand, Petitioner alleges that he did not receive a bond hearing (Dkt. Nos. 11 at 1; 12 at 1). It is unclear whether Petitioner contends that *no* bond hearing took place at all, or simply argues that the bond hearing did not live up to "the individualized custody determination contemplated by the Court's Order" (Dkt. Nos. 11 at 1; 12 at 1). Respondents' advisory states that Petitioner received a bond hearing (Dkt. No. 13 at 1). At least one of Petitioner's motions agrees that a bond hearing did take place (Dkt. No. 10 at 1). Because Petitioner made no effort to amend or withdraw that motion, and did not style his subsequent motions as amended, the Court finds that a bond hearing took place.

Next, the Court addresses Petitioner's arguments that the bond hearing "did not provide meaningful individualized review" (Dkt. Nos. 10 at 1; 11 at 1; 12 at 1). Petitioner requests either his immediate release or for this Court to conduct its own bond hearing. The Court declines to grant the requested relief.

### A. Bond Denial

Essentially, Petitioner argues that he was denied an adequate bond hearing (Dkt. Nos. 10 at 1–2; 11 at 1–2; 12 at 1–2). As the Court has previously observed, it lacks jurisdiction to examine Petitioner's bond denial. *See Leyva-Marce v. Noem*, 5:26-cv-75,

slip op. at 6–8 (S.D. Tex. Feb. 24, 2026) (Garcia Marmolejo, J.).

The Supreme Court's "longstanding view" is that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). Congress made clear:

> **The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review**. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e) (emphasis added). In other words, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (Saldaña, J.) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). A challenge to an IJ's bond decision is expressly barred by § 1226(e). *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond).

Here, Petitioner fails to overcome § 1226(e) because the IJ provided him with a bond hearing and determined he was a flight risk (Dkt. No. 13 at 1). It is not the Court's place to usurp the IJ's role in weighing the evidence as presented—specifically whether Petitioner's individualized characteristics made him a flight risk. *See Perez Sierra v. Bondi*, No. 25-CV-18829, 2026 WL 497070, at *4 (D.N.J. Feb. 23, 2026) (declining to reach IJ's discretionary decision after a bond hearing was ordered).

**B. Enforcement of Prior Order**

Simply put, the Court is perplexed as to what Petitioner seeks to enforce. The only

relief the Court granted in its Order was a bond hearing (*see* Dkt. No. 8). Respondents provided Petitioner with a bond hearing (Dkt. Nos. 10 at 1; 13 at 1). Accordingly, Respondents did not fail to perform the act ordered, and the Court rejects Petitioner's invitation to expand its Order and release him.

**C. Reopen Case**

Lastly, Petitioner fails to cite any rule or authority to support his request to reopen this case (*see* Dkt. Nos. 11, 12). The Court declines to speculate as to under which rule he may seek relief. But more concerning is that his request appears premised on the fact that a bond hearing never occurred (Dkt. Nos. 11 at 2; 12 at 2). However, his other emergency motion—filed the same day—plainly alleged that the bond hearing indeed occurred and the IJ found her a flight risk (*Compare* Dkt. No. 10 at 1, *with* Dkt. No. 11 at 1–2, *with* Dkt. No. 12 at 1–2). Respondents' advisory further corroborates the hearing took place (Dkt. No. 13 at 1). For the reasons already stated, the Court cannot second guess the IJ's discretionary decision.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's Emergency Motion to Enforce the Court's Order, Reconsider the Remedy, and Order Immediate Release, Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release and Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release (Dkt. Nos. 10, 11, 12) are **DENIED**.

It is so **ORDERED**.

**SIGNED** October 15, 2026.

M Garcia Marmolejo

Marina Garcia Marmolejo
United States District Judge